NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>QUICKCONNECT.COM DBA<br>QUICKCONNECT TECHNOLOGY<br>SERVICES INC. DBA<br>QUICKCONNECT.COMM INC. DBA<br>QUICKCONNECTED.COM,<br><br>    *Defendant*. | Civil No.: 24-cv-8716 (KSH) (SDA)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I.    **Background**

This is a debt collection action by the United States, as plaintiff, against defendant Quickconnect.com for unpaid regulatory fees. Plaintiff alleges that defendant, a registered provider of interconnected Voice over Internet Protocol, or VoIP, communication services, was required under 47 C.F.R. § 64.604(c)(5)(ii) and (iii)(A) to pay into the Telecommunications Relay Service Fund ("TRS Fund")[1] based on its interstate end-user revenues; that it in fact provided services and was assessed fees for the TRS Fund for doing so; and that it was invoiced for those fees and failed to make various payments between August 2018 and June 2023. (D.E. 1, Compl. ¶¶ 5, 7-10.) The complaint asserts 71 counts for failure to pay invoiced fees.

---

[1] Briefly, telecommunications relay services ("TRS") are telecommunications services that permit people with speech or hearing disabilities to communicate by telephone in a functionally equivalent manner to hearing persons without disabilities. *Sorenson Communications, LLC v. FCC*, 897 F.3d 214, 218 (D.C. Cir. 2018). Companies providing those services are reimbursed from the TRS Fund. *Id.* at 218-19.

Although plaintiff named only Quickconnect.com as a defendant, the complaint also lists three "dba," or "doing business as," names for it—Quickconnect Technology Services Inc., Quickconnect.comm Inc., and Quickconnected.com—and states that Quickconnect.com "may be doing business by several similar and related names that are linked to the same company by publicly shared addresses, including but not limited to" the three names listed above. (D.E. 1, Compl. ¶ 4.)

Quickconnect Technology Services Inc. ("QTSI") has now moved to dismiss "to the extent [the complaint] alleges claims against" it. (D.E. 8.) QTSI argues that it is not a "dba" or alias of Quickconnect.com, but instead is a separate corporation engaged in a different business line and came into existence after the regulatory fees were incurred. (D.E. 8-1, Moving Br. 1; *see also* D.E. 13, Reply.) Under these circumstances, QTSI asserts, plaintiff has not asserted a viable cause of action against it. QTSI further contends that Quickconnect.comm Inc., which is listed as an alias of Quickconnect.com, is the correct legal name for the defendant.

Plaintiff, opposing, describes internet research purportedly showing that Quickconnect.com and the three listed aliases are all connected. (D.E. 11, Opp. Br.) Plaintiff's opposition also uses Quickconnect.com and Quickconnect.comm Inc. interchangeably, without agreeing that the complaint pleaded the defendant's name incorrectly.

**II.    Standard of Review**

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (cleaned up). From the pleaded factual content, the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Plausibility" does not require "probability," but "it does demand more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (factual allegations "must be enough to raise a right to relief above the speculative level"). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded in determining whether the plausibility standard is met. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d Cir. 2018) (cleaned up).

### III.  Discussion

The complaint defines the defendant as "Quickconnect.com." (Compl. ¶ 4.) It goes on to speculate that defendant—again, Quickconnect.com—"may" be doing business by three other names (QTSI, Quickconnect.comm Inc. and Quickconnected.com). (*Id.*) Plaintiff does not describe them as parties, but as potential alternative or alias names for Quickconnect.com. Then, the complaint proceeds to allege that "defendant" was invoiced for, and did not pay, the regulatory fees in question; this allegation is the basis for all counts of the complaints.

While plaintiff's briefing on QTSI's motion to dismiss is not a model of clarity, its opposition appears to pivot, taking the position that liability attaches to each of the names it listed for defendant, including QTSI. (*See* D.E. 11, Opp. Br. 7 (arguing that "the reference to QTSI stated as not being a 'DBA or *alternate ego*' can be dispelled due to the website showing that there is in fact a connection between the assumed names shown in the Complaint" (emphasis added)); *id.* at 9 (arguing that Quickconnect.com, QTSI, Quickconnect.comm Inc., and Quickconnected.com are all "the same business holding different names and 2 different identification numbers"). As support, plaintiff cites internet research showing various ways they are connected, such as that those names and the same addresses show up in Google search results

3

and on Facebook and in reports from business search tools, and that the registered agent for Quickconnect.comm Inc. is the same person as a member of the board of directors and president for QTSI.

As an initial matter, plaintiff cannot amend its complaint or revise its theory of liability in a brief opposing a motion to dismiss. *Commonwealth of Pa. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). To the extent plaintiff is now pursuing QTSI as a defendant liable for Quickconnect.com's alleged debt, rather than merely identifying QTSI as another name for named defendant Quickconnect.com, plaintiff's recourse is amending the complaint.

Even if the existing complaint is construed as pursuing QTSI directly, it falls short of pleading a plausible claim for relief against QTSI. Plaintiff pleads that Quickconnect.com provided services that triggered its obligation to pay regulatory fees, which plaintiff now seeks to collect. The only allegation about QTSI is that Quickconnect.com "may" be doing business by the name QTSI. (Compl. ¶ 4.) The factual basis offered to support this belief is "publicly shared addresses." (*Id.*) Even assuming the truth of those barebones allegations, they are insufficient to permit the Court to reasonably conclude that QTSI is liable for Quickconnect.com's debt. *See, e.g.*, *In re U.S. Vision Data Breach Litig.*, 2025 WL 615366, at *3-4 (D.N.J. Feb. 26, 2025) (O'Hearn, J.) (discussing requirements for alter ego liability and piercing the corporate veil, and collecting cases); *Parkin v. Avis Rent a Car System, LLC*, 2023 WL 4045049, at *3 (D.N.J. June 16, 2023) (O'Hearn, J.) (discussing direct corporate and agency theories of liability).

The welter of internet research plaintiff attaches to its opposition does not change the result. Much of this material is not properly considered at the motion to dismiss stage. *See, e.g.*, *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (discussing documents permissibly considered on motion to dismiss, including types of "public record" that Court may judicially

notice); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (vacating dismissal where district court improperly took judicial notice of website; taking judicial notice at pleadings stage "should be done sparingly").  And even if the offerings did constitute a "public record" that the Court could consider without converting the motion to one for summary judgment,[2] some overlapping names and addresses do not permit the reasonable conclusion that QTSI was operating as an alter ego or agent of Quickconnect.com or vice versa, such that the latter's debt can be charged to the former.

QTSI's motion to dismiss the complaint with respect to it will therefore be granted.  Although in non-civil rights cases, the Court need not offer leave to amend unless plaintiff properly seeks it, *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019), this case will proceed regardless of the outcome of this motion to dismiss because the motion was brought only by, and on behalf of, QTSI.  Therefore, the dismissal will be without prejudice.  Within 21 days, plaintiff may file an amended complaint naming QTSI if it has a factual and legal basis to do so consistent with Rule 11.

Finally, QTSI's motion argued that Quickconnect.com is the incorrect name for the defendant, which should be Quickconnect.comm Inc.  The motion was not brought on behalf of either of those entities, and the record does not permit the Court to resolve that issue at this stage.  Thus, the parties shall meet and confer and attempt to resolve that issue before plaintiff files its amended complaint pursuant to the previous paragraph.  If no amended complaint is

---

[2] Citing a New Jersey state court rule, plaintiff requests that the motion be converted to one for summary judgment.  (D.E. 11, at 5.)  Although that rule does not apply in federal court, under Fed. R. Civ. P. 12(d), if matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the Court, the motion must be converted to one for summary judgment, with the parties given a reasonable opportunity to present all pertinent material. The Court declines to convert the motion; at this point, plaintiff has not even articulated a cogent theory of liability with respect to QTSI.

forthcoming, the parties shall attempt to resolve this issue among themselves or seek the assistance of Magistrate Judge Adams.

### IV. Conclusion

For the reasons set forth above, the motion to dismiss will be granted, and the complaint is dismissed without prejudice as to QTSI. An appropriate order will enter.


Date: April 4, 2025                              */s/ Katharine S. Hayden*
                                                              Katharine S. Hayden, U.S.D.J.